FRANK L. MARTINELLI, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 61884. Promulgated April 3, 1935.

*Jefferson E. Peyser, Esq.,* for the petitioner.
*E. L. Corbin, Esq.,* for the respondent.

**OPINION.**

MORRIS: The applicable provisions of the Revenue Act of 1928 are as follows:

SEC. 275.   PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION.

(a) *General rule.*—The amount of income taxes imposed by this title shall be assessed within two years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period.

\*          \*          \*          \*          \*          \*          \*

Section 2, H. J. Res. 340, passed by the Seventy-First Congress, vol. 72, Congressional Record No. 142, p. 10923, approved June 16, 1930, provides as follows:

SEC. 2. The 2-year period of limitation provided in section 275 of the revenue act of 1928 upon the assessment of income taxes imposed by Title I of that act for the taxable year 1928, and the 2-year period of limitation provided in section 322 of the revenue act of 1928 in respect of refunds and credits of income taxes imposed by that act for the taxable year 1928 shall be extended for a period of one year in the case of any married individual where such individual or his or her spouse filed a separate income-tax return for such taxable year and included therein income which under the laws of the State upon receipt became community property.

Our determination rests upon the applicability of the foregoing resolution. If it is applicable the respondent's determination must be approved.

The petitioner contends that the errors upon which the disputed deficiency is based were those of accounting only and do not raise the community property issue and that the aforesaid joint resolution was not intended to operate where the community property issue is not questioned.

We are referred to the discussion before the House upon the proposed resolution (Congressional Record, vol. 72, No. 136, pp. 10392–10393), particularly, to certain language of the Acting Secretary of the Treasury in a communication to the Chairman of the Committee on Ways and Means of the House (Congressional Record, vol. 72, No. 142, p. 10924), which, he contends, evidences an intention on the part of the Congress to extend the period of limitations " only in those cases in which the community property income issue is involved for the taxable years 1927 and 1928 ", therefore, since that issue has not been raised in this proceeding, the resolution is inapplicable. He lays particular stress upon the following language in that communication:

* * * The proposed legislation does not extend the periods of limitation in respect of assessments, refunds, and credits generally, but only in those cases in which the community property income issue is involved for the taxable years 1927 and 1928 * * *.

Though satisfied that the resolution of the Congress is entirely clear and unambiguous, needing no extrinsic aids in its construction, we have carefully considered the brief legislative discussions, the Committee Report and the communication of the Acting Secretary of the Treasury, and we find nothing therein casting the slightest doubt upon its intendment.

The resolution provides for the extension of the period of limitation for one year " in the case of any married individual where such individual or his or her spouse filed a separate income-tax return for

such taxable year and included therein income which under the laws of the State upon receipt became community property." The petitioner was married during the taxable year and he and his wife filed separate individual returns for that year upon the community property basis. Thus, without more, the petitioner is brought within the scope of the resolution. *Sivly* v. *Commissioner*, 75 Fed. (2d) 916.

But, even assuming the petitioner's premise to be correct, we would still be unable to agree with the conclusion he reaches. Merely because the petitioner does not choose to contest the division of his income upon the community property basis does not, in our opinion, except him from the clearly intended purpose of that resolution. The test is not whether that issue is before this Board, but whether or not returns have been filed upon the basis of community property, which, in itself, injects, potentially at least, the community property issue. Until the statute has tolled or until the parties have concluded their disputes by statutory agreement, the community property issue is always present, though latent, wherever husband and wife have chosen to adopt that basis for the computation of their respective taxable incomes.

*Judgment will be entered for the respondent.*